UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT GARRASI,

                             Plaintiff,

                                                                1:16-CV-1035
v.                                                       (GTS/DEP)

CHRISTIANA TRUST; and FAY SERVICING, LLC,

                             Defendants.
_____

APPEARANCES:

ROBERT GARRASI
  Plaintiff, *Pro Se*
P.O. Box 643
Clifton Park, NY 12065

LOCKE LORD LLP                                   JOSEPH N. FROEHLICH, ESQ.
  Counsel for Defendants
200 Vesey Street, 20th Floor
New York, NY 10281

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

        Currently before the Court, in this action under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, filed *pro se* by Robert Garassi ("Plaintiff") against Christiana Trust and Fay Servicing, LLC (collectively, "Defendants"), is Defendants' motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 9.) For the reasons set forth below, Defendants' motion is granted.

I.  **RELEVANT BACKGROUND**

   A.  **Plaintiff's Complaint**

Generally, liberally construed, Plaintiff's Complaint alleges as follows. (Dkt. No. 1 [Plf.'s Compl.].) At some point before March 2014, Doris Marrero ("Marrero") received a mortgage loan ("Loan") from an unspecified mortgagee. (*Id*. at ¶¶ 17-18.) On or about July 13, 2015, Defendant Fay Servicing, LLC ("Fay"), notified Marrero that it was a debt collector, seeking to collect Marrerro's mortgage debt on behalf of "Altisource Residential." (*Id.* at ¶ 17.) On or about August 27, 2015, Fay notified Marrero that it had assigned her mortgage to Defendant Christiana Trust ("Christiana") as trustee for "ARLP Trust 3." (*Id.* at ¶ 18.) This assignment occurred on March 29, 2014. (*Id.* at ¶ 19.) The August 27, 2015, notice regarding the assignment did not bear a phone number for ARLP Trust 3. (*Id.* at ¶ 20.)

On September 16, 2015, Marrero "again wrote to" Fay, asking "when and to whom the actual 'mortgage loan' was transferred." (*Id.* at ¶ 21 [internal quotation marks in the original].) It is unclear when, or how many times, Marrero had made this inquiry prior to September 16, 2015. In any event, Fay refused to provide the information that Marrero requested. (*Id.* at ¶ 22.)

On the same date (i.e., September 16, 2015), Marrero assigned (among other things) any claims she may have against Fay and Christiana pursuant to TILA and RESPA in exchange for one dollar ($1.00). (*Id.* at ¶ 16; *accord*, Dkt. No. 1, Attach. 1 [Assignment of Claims, assigning to Plaintiff "any and all New York and Federal statutory and common law claims and/or choses in action" that Plaintiff may have against, *inter alia*, Fay and Christiana].)

On September 21, 2015, Plaintiff notified Fay, in writing, that he "was the assignee of certain claims that Marrero had against F[ay] and others" and demanded nine thousand dollars

2

($9,000) in settlement of all claims.  (*Id.* at ¶¶ 23-24.)  Fay did not respond to Plaintiff's letter.  (*Id.* at ¶ 25.)

Based on these factual allegations, Plaintiff's Complaint asserts two claims: (1) a claim that Christiana failed to provide disclosures required by TILA, 15 U.S.C. § 1641(g), as well as its implementing regulation, Regulation Z, 12 C.F.R. part 226, regarding the assignment of the Loan within thirty (30) days of the assignment; and (2) a claim that Fay failed to notify Marrero of the assignment of her Loan or the transfer of the servicing of her Loan, and thereby engaged in a pattern or practice of non-compliance with RESPA, in violation of 12 U.S.C. § 2605 and Regulation X, 12 C.F.R. § 1024.  (*Id.* at ¶¶ 26-39.)

Familiarity with the factual allegations supporting these claims in Plaintiff's Complaint is assumed in this Decision and Order, which is intended primarily for the review of the parties.

**B.     Parties' Briefing on Defendants' Motion to Dismiss**

Generally, in support of their motion to dismiss, Defendants assert four arguments: (1) Plaintiff lacks standing to assert TILA and RESPA claims for Defendants' alleged statutory violations with respect to the Marrero's Loan because he was not a party to the Loan, is not a "consumer" as defined by TILA, and is not an "applicant" or "borrower" for purposes of RESPA; (2) even if Marrero's assignment of her claims to Plaintiff was valid, Plaintiff has failed to allege facts plausibly suggesting that he was harmed by the alleged TILA and RESPA violations; (3) Plaintiff's TILA claim is time barred under the one-year statute of limitations set forth in 15 U.S.C. § 1640(e); and (4) Plaintiff has previously–and unsuccessfully–attempted to assert a TILA claim assigned to him by Marrero in a New York state court.  (Dkt. No. 9, Attach. 1, at 3-7 [Defs.' Memo. of Law].)

Generally, in opposition to Defendants' motion, Plaintiff asserts two arguments: (1) Marrero validly assigned her claims to Plaintiff, and the claims assigned to Plaintiff do not fall within any of the three categories of claims with regard to which transfer is prohibited by N.Y. Gen. Oblig. Law § 13-101; and (2) the statute of limitations on his TILA claim should be equitably tolled "since March 2014" because (a) 15 U.S.C. § 1640(e) constitutes "a formal duty to disclose . . . any transfer of a consumer's mortgage loan," and constructive notice is insufficient to satisfy Defendants' duty, (b) Fay has identified the owner of the mortgage, but not the owner of the mortgage note, (c) a "county clerk's land records" reflecting an assignment of a mortgage does not provide actual or constructive notice of the transfer of the mortgage debt, and (d) Plaintiff is entitled to equitable tolling of the limitations period as of March 2014, pursuant to 15 U.S.C. § 1640(e), because Defendants' failure to notify Plaintiff who "owns the Marrero debt in required notices," to record the transfer of ownership in Suffolk County land records, and to "substitute in the Marrero foreclosure action the name of the new owner of the Marrero loan" constitutes fraudulent concealment of the transfer of the ownership of the Loan. (Dkt. No. 12, Attach. 1, at 1-5 [Plf.'s Opp'n Memo. of Law].)

Generally, in reply, Defendants assert five arguments: (1) Plaintiff's reliance on N.Y. Gen. Oblig. Law § 13-101 is misplaced because the assignability of federal claims is a matter of federal law; (2) because Marrero's claims are not assignable under federal law, Plaintiff lacks prudential standing (in that he is not asserting his own legal rights and interests); (3) because Marrero's claims are not assignable under federal law, Plaintiff also lacks constitutional standing (in that his Complaint does not allege facts plausibly suggesting [a] that he suffered any actual or imminent injury in fact as a result of Defendants' alleged failure to provide Marrero with timely

4

notice that the ownership and servicing of her loan was transferred, and [b] a causal connection between the failure to provide Marrero notice and any such injury to Plaintiff, who is a stranger to the Loan; (4) because Plaintiff's Complaint alleges that Christiana violated TILA in or around April 2014 (that is, 30 days after the Loan was assigned to Christiana), Plaintiff's claim is time barred; and (5) Plaintiff is not entitled to equitable tolling because (a) he has failed to allege facts plausibly suggesting, in satisfaction of the particularity standard set forth in Fed. R. Civ. P. 9(b), that Defendants engaged in affirmative acts of concealment over and above their alleged nondisclosure, and (b) the failure to substitute Christiana as the plaintiff in the foreclosure action against Marrero does not constitute fraudulent concealment because, under New York Civil Practice Law and Rules 1018, a plaintiff may continue an action against the original parties named after a transfer of interest has occurred. (Dkt. No. 13 at 1-6 [Defs.' Reply Memo. of Law].)

## II. RELEVANT LEGAL STANDARDS

### A. Legal Standard Governing Motions to Dismiss for Failure to State Claim

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp.2d 204, 211, nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, a few words regarding that ground are appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a

5

pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp.2d at 212, n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp.2d at 212, n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp.2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp.2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp.2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 1965-74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 1965. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer

7

possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S. Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

This pleading standard applies even to *pro se* litigants. While the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed), it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 8, 10 and 12.[1] Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed. R. Civ. P. 8, 10 and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow.[2] Stated more simply, when a plaintiff is proceeding *pro se*, "all

---

[1] *See Vega v. Artus,* 610 F. Supp.2d 185, 196 & nn.8-9 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases); *Rusyniak,* 629 F. Supp.2d at 214 & n.34 (citing Second Circuit cases).

[2] *See Rosendale v. Brusie*, 374 F. App'x 195, 196 (2d Cir. 2010) ("[A]lthough the courts remain obligated to construe a pro se complaint liberally, . . . the complaint must contain sufficient factual allegations to meet the plausibility standard."); *Vega,* 610 F. Supp.2d at 196, n.10 (citing Supreme Court and Second Circuit cases); *Rusyniak,* 629 F. Supp.2d at 214 & n.34 (citing Second Circuit cases).

normal rules of pleading are not absolutely suspended." *Jackson*, 549 F. Supp.2d at 214, n.28 [citations omitted].[3]

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated. Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.[4]

---

[3] It should be emphasized that Fed. R. Civ. P. 8's plausibility standard, explained in *Twombly*, was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus*, in which (when reviewing a *pro se* pleading) the Court stated, "*Specific* facts are not necessary" to successfully state a claim under Fed. R. Civ. P. 8(a)(2). *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) [emphasis added]. That statement was merely an abbreviation of the often-repeated point of law–first offered in *Conley* and repeated in *Twombly*–that a pleading need not "set out *in detail* the facts upon which [the claim is based]" in order to successfully state a claim. *Twombly*, 127 S. Ct. 1965, n.3 (citing *Conley*, 355 U.S. at 47) [emphasis added]. That statement did not mean that all pleadings may achieve the requirement of "fair notice" without ever alleging any facts whatsoever. Clearly, there must still be enough fact set out (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level. *See Rusyniak,* 629 F. Supp.2d at 214 & n.35 (explaining holding in *Erickson*).

[4] *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir.

Moreover, in the Second Circuit, a *pro se* plaintiff's papers in response to a defendant's motion to dismiss for failure to state a claim may be considered as effectively amending the allegations of his complaint–to the extent those papers are consistent with the allegations in the complaint.[5]

---

2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. . . . Where a document is not incorporated by reference, the court may neverless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . . However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document. It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

[5] *See Drake v. Delta Air Lines, Inc.,* 147 F.3d 169, 170 n.1 (2d Cir. 1998) (per curiam) ("[W]e deem Drake's complaint to include the facts contained in his memorandum of law filed in response to Delta's 1996 motion to dismiss."); *Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987) ("In his affidavit submitted in opposition to defendants' motion to dismiss, Gill asserts that Mooney's actions amounted to deliberate and willful indifference. Liberally construed under *pro se* pleading standards, Gill's allegations against Mooney involve more than ordinary lack of due care for the prisoner's interests or safety, . . . and therefore state a colorable claim under the Eighth and Fourteenth Amendments.") (internal quotation marks and citation omitted); *Donhauser v.Goord*, 314 F. Supp. 2d 119, 212 (N.D.N.Y.) (Sharpe, M.J.) ("[I]n cases where *a pro se* plaintiff is faced with a motion to dismiss, it is appropriate for the court to consider materials outside of the complaint to the extent they "are consistent with the allegations in the complaint.") (collecting district court cases), *vacated on other grounds*, 317 F. Supp. 2d 160 (N.D.N.Y. 2004) (Hurd, J.).

## III. ANALYSIS

### A. Whether Plaintiff's TILA Claim Against Christiana Must Be Dismissed

After carefully considering the matter, the Court answers this question in the affirmative for the reasons set forth in Defendants' memorandum of law and reply memorandum of law. *See, supra,* Part I.B. of this Decision and Order. To those reasons, the Court adds the following analysis.

"The statute of limitations for filing a private action for monetary damages under TILA is one year." *Kelmetis v. Fed. Nat'l Mortg. Assoc.*, 16-CV-0246, 2017 WL 395120, at *6 (N.D.N.Y. Jan. 27, 2017) (D'Agostino, J.).[6] Plaintiff does not appear to dispute that this limitations period expired in or around April 2015 (i.e., one year after the thirty-day period following the assignment); indeed, Plaintiff argues that he is entitled to equitable tolling dating back to March 2014.[7] (Dkt. No. 12 at 5 [Plf.'s Opp'n Memo. of Law].) However, "equitable

---

[6] *Accord, e.g., Cardiello v. The Money Store*, 29 F. App'x 780, 781 (2d Cir. 2002) (summary order); *Wysocki v. First Niagara Fin. Grp., Inc.*, 15-CV-0515, 2016 WL 2946163, at *9 (D. Conn. Mar. 21, 2016) ("Claims under § 1641(g) are subject to a one-year statute of limitations, which runs from the end of the thirty-day period after the date on an assignment.").

[7] Somewhat confusingly, Plaintiff also argues that Fay has identified Christiana as the owner of the mortgage, but not the loan, and that "[a]n assignment of a mortgage alone does not trigger liability under § 1641(g)." (Dkt. No. 12 at 4 [Plf.'s Opp'n Memo. of Law].) *See also, e.g., Rider v. HSBC Mortg. Corp. (USA)*, 12-CV-0925, 2013 WL 3901519, at *4 (S.D. Ohio July 29, 2013) ("Based on its plain language, § 1641(g)'s disclosure obligation is triggered only when ownership of the 'mortgage loan' or 'debt' itself is transferred, not when the instrument securing the debt (that is, the mortgage) is transferred.") (quoting *Giles v. Wells Fargo Bank, N.A.*, 519 F. App'x 576, 578 [11th Cir. 2013]); *accord, e.g., In re Bishop*, 13-CV-0977, 2014 WL 1266363, at *7 (D. De. Mar. 21, 2014) ("[C]ase law confirms that what matters for § 1641(g) purposes is transfer of the debt obligation, not merely assignment of the mortgage.") (quoting *Connell v. CitiMortgage, Inc.*, 11-CV-0443, 2012 WL 5511087, at *8 [S.D. Ala. Nov. 13, 2012]); *Foley v. Wells Fargo Bank, N.A.*, 11-CV-62314, 2012 WL 4829124, at *3 (S.D. Fl. Sept. 28, 2012) (concluding that Wells Fargo's "interests in the Mortgage, not in the Note, that were conveyed to [it] by the . . . 2010 Assignment were insufficient to trigger the notification requirements of §

tolling will not be applied unless the plaintiff alleges affirmative acts of concealment by the defendant over and above any alleged non-disclosure that forms the basis of her claims." *Kelmetis*, 2017 WL 395120, at *6 (quoting *Futterman v. Washington Mut. Bank, FA*, 10-CV-1002, 2010 WL 5067650, at *2 [N.D.N.Y. Dec. 6, 2010] [Kahn, J.]). "A claim of fraudulent concealment must be pled with particularity, in accordance with the heightened pleading standards of Fed. R. Civ. P. 9(b)." *Hinds Cty., Miss. v. Wachovia Bank N.A.*, 620 F. Supp. 2d 499, 520 (S.D.N.Y. 2009). "[I]n cases involving TILA, the courts have held uniformly that fraudulent conduct *beyond the nondisclosure itself* is necessary to equitably toll the running of the statute of limitations[,] . . . because if the very nondisclosure or misrepresentation that gave rise to the TILA violation also tolled the statute of limitations, the effect of the statute of limitations would be nullified." *Grimes v. Fremont Gen. Corp.*, 785 F. Supp. 2d 269, 286 (S.D.N.Y. 2011) (internal quotation marks omitted; emphasis in original).

Here, Plaintiff has failed to allege facts, with the requisite particularity, plausibly suggesting that Christiana fraudulently concealed the assignment of the Loan. (*See generally* Dkt. No. 1.) For this reason, the Court finds that, even if Marrero's TILA claim was both assignable and validly assigned to Plaintiff, he has not established his entitlement to equitable tolling, and his TILA claim is therefore time-barred.

---

1641(g)" because Wells Fargo was not "'the creditor that is the new owner or assignee *of the debt*,' which is to whom the very terms of the statute apply the 30-day notice requirement"). Moreover, in his Complaint, Plaintiff alleges that Fay informed Marrero (in August 2015) only that her *mortgage* had been assigned (in March 2014). (Dkt. No. 1 at ¶¶ 18-19 [Plf.'s Compl.].) As Plaintiff himself appears to acknowledge, such an assignment would not give rise to liability for a violation of § 1641(g), and Marrero and/or Plaintiff would have no TILA claim against Christiana. *See, e.g., Jara v. Aurora Loan Servs.*, 852 F. Supp. 2d 1204, 1209 (N.D. Cal. 2012) ("15 U.S.C. § 1641(g) only applies to creditors who are new owners or assignees of [a] mortgage *loan*, and Mr. Jara does not allege that Aurora is a new owner or assignee of his *loan*.") (emphasis added).

Because the Court finds that the above-described ground constitutes a sufficient basis for the dismissal of Plaintiff's TILA claim, the Court need not linger on an analysis of Defendants' alternative arguments for dismissal, except to note that it finds that they have merit for the reasons stated in Defendants' memorandum of law and reply memoranda of law. *See, supra,* Part I.B. of this Decision and Order. Moreover, because the Court finds the pleading defects afflicting Plaintiff's TILA claim to be substantive and not merely formal, it finds that no need exists to dismiss that claim only without prejudice.

B. **Whether Plaintiff's RESPA Claim Against Fay Must Be Dismissed**

After carefully considering the matter, the Court answers this question in the affirmative for the reasons set forth in Defendants' memorandum of law and reply memorandum of law. *See, supra,* Part I.B. of this Decision and Order. To those reasons, the Court adds the following analysis.

As a threshold matter, the Court finds that Plaintiff has failed to allege facts plausibly suggesting that he (or Marrero) suffered damages.[8] "[T]o survive a motion to dismiss a plaintiff bringing a RESPA claim must, in addition to showing defendant's failure to comply with the

---

[8] The Court notes that, despite the fact that Defendants' asserted this argument in their memorandum of law, Plaintiff failed to respond to this argument in his response. (*See generally* Dkt. No. 12 [Plf.'s Opp'n Memo. of Law].) In this District, when a non-movant fails to oppose a legal argument asserted by a movant, the movant's burden with regard to that argument is lightened, such that, in order to succeed on that argument, the movant need only show that the argument possess facial merit, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determined that the moving party has met to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL2473509, at *2 & nn.2, 3 (N.D.N.Y. Aug. 7, 2009) (Suddaby, J.) (collecting cases). The Court finds that, at the very least, Defendants have met their modest threshold burden with respect to this argument. In any event, the Court would accept this argument even it were to subject the argument to the more-rigorous scrutiny appropriate for a contested argument.

provisions, identify damages that he or she sustained as a result of defendant's alleged violation(s)." *Lopez v. Bayview Loan Servicing, LLC*, 16-CV-2610, 2017 WL 3396421, at *8 (S.D.N.Y. Aug. 8, 2017) (quoting *Kilgore v. Ocwen Loan Servicing, LLC*, 89 F. Supp. 3d 526, 539 [E.D.N.Y. 2015]). A plaintiff asserting a RESPA claim may allege (1) "actual damages to the borrower as a result of the failure" to comply with § 2605, or (2) statutory damages "in the case of a pattern or practice of noncompliance with the requirements" of § 2605. 12 U.S.C. § 2605(f).

Here, Plaintiff has failed to allege facts plausibly suggesting any *actual* damages to Marrero caused by any purported statutory violation. *See, e.g., Noriega v. US Bank, Nat'l Assoc.*, 16-CV-1058, 2017 WL 3172998, at *8 (E.D.N.Y. July 25, 2017) ("To allege actual damages, the plaintiff must assert that the defendant's RESPA violation was the proximate cause of his damages."). Courts in this Circuit have held that proof of actual damages is mandatory for recovery. *See, e.g., Noriega,* 2017 WL 3172998, at *8 (noting that "Courts in this Circuit have held that "an allegation of actual damages is necessary to state a claim for liability," and citing a case for the point of law that "proof of actual damages is mandatory to recover on a § 2605(e) violation, and a § 2605(e) claim cannot stand on statutory damages alone").

In any event, even setting aside the above-described pleading defect, Plaintiff's RESPA claim suffers from two other pleading defects.[9] Generally, RESPA "requires loan servicers to

---

[9] The Court notes that, while these two pleading defects were not asserted by Defendants in their memorandum of law in chief, the Court can *sua sponte* rely on them, because Plaintiff is proceeding *pro se* and the Court finds that the defects render Plaintiff's RESPA claim so lacking in merit as to make it frivolous. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (finding that a district court may dismiss a frivolous *pro se* complaint *sua sponte* even when the plaintiff has paid the required filing fee); *see, e.g., Hawkins-El III v. AIG Fed. Savings Bank*, 334 F. App'x 394, 395 (2d Cir. June 18, 2009) (affirming district court's *sua sponte* dismissal of fee-paid frivolous *pro se* complaint).

provide notice to borrowers 'in writing of any assignment, sale, or transfer of . . . the servicing of the loan to any other person." *Fraser v. Aames Funding Corp.*, 16-CV-0448, 2017 WL 564727, at *7 (E.D.N.Y. Jan. 24, 2017) (quoting 12 U.S.C. § 2605[b]). Here, Plaintiff claims that Fay violated 12 U.S.C. § 2605 by not notifying Marrero of "the transfer of her mortgage loan, nor of the transfer of the servicing of her loan[.]" (Dkt. No. 1 at ¶ 38.)[10] Both parts of this claim are defective.

First, with respect to Plaintiff's claim that Fay did notify Marrero of the "transfer of the servicing of her loan," RESPA requires a "servicer" of a federally related mortgage loan to comply with certain disclosure requirements after receiving a qualified written request ("QWR"). 12 U.S.C. § 2605(e). A QWR is "a written correspondence" that

> (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
>
> (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B). Here, the QWRs alleged in the Complaint do not indicate that Marrero was seeking information about her latest loan *servicer*. (*See generally* Dkt. No. 1.) For example, the letter attached to Plaintiff's Complaint contains a request for information about the "new owner" of the loan. (Dkt. No. 1, Attach. 4 [Ex. D to Plf.'s Compl].)

---

[10] *See* 12 U.S.C. § 2605(c)(1) ("Each transferee servicer to whom the servicing of any federally related mortgage loan is assigned, sold, or transferred shall notify the borrower of any such assignment, sale, or transfer."); 12 U.S.C. § 2605(k)(1)(D) ("A servicer of a federally related mortgage loan shall not . . . fail to respond within 10 business days to a request from a borrower to provide the identity, address, and other relevant contact information about the owner or assignee of the loan[.]").

15

Second, with respect to Plaintiff's claim that Fay did not notify Marrero of the "transfer of her mortgage loan," such an inquiry, which falls under 12 U.S.C. § 2605(k)(1)(D) (regarding requests for "the identity, address, and other relevant contact information about the owner or assignee of the loan"), does not "relate to 'servicing,'" and thus "d[oes] not trigger . . . liability under [§] 2605(e)." *Tanasi v. CitiMortgage, Inc.*, 16-CV-0727, 2017 WL 2837477, at *18-20 (D. Conn. June 30, 2017) ("The Court concludes, therefore, that the Tanasis' request for information concerning the owner of their note did not relate to "servicing" and did not trigger CitiMortgage's liability under section 2605(e).") (collecting cases).

For all of these reasons, the Court concludes that, even if Marrero's RESPA claim was both assignable and validly assigned to Plaintiff, he has failed to allege facts plausibly suggesting an entitlement to relief under 12 U.S.C. § 2605.

Because the Court finds that the above-described grounds constitute sufficient bases for the dismissal of Plaintiff's RESPA claim, the Court need not linger on an analysis of Defendants' alternative arguments for dismissal, except to note that it finds that they have merit for the reasons stated in Defendants' memorandum of law and reply memoranda of law. *See, supra,* Part I.B. of this Decision and Order. Moreover, because the Court finds the pleading defects afflicting Plaintiff's RESPA claim to be substantive and not merely formal, it finds that no need exists to dismiss that claim only without prejudice.

**ACCORDINGLY**, it is

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 9) is **<u>GRANTED</u>** and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **<u>DISMISSED</u> with prejudice**.

Dated: September 28, 2017
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge